UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GENAS RETIREMENT HOME,
INC.,

    Plaintiff,

v.                                               Case No.:   2:21-cv-00280-JLB-KCD

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
_____/

## **ORDER**

Before the Court is Defendant Scottsdale Insurance Company's Motion to Compel. (Doc. 43.) The motion is opposed, but the Court need not await a response to dispose of it. For the reasons below, Scottsdale's motion is denied.

This is an insurance dispute. Plaintiff Genas Retirement Home, Inc. suffered property damage during a hurricane and Scottsdale has refused to pay. The complaint contains a single claim for breach of the parties' insurance contract. (Doc. 3.)

A few additional facts are relevant to this discovery dispute. In June 2021, Scottsdale served its first set of discovery. (Doc. 43 ¶ 5.) Plaintiff answered but failed to attach any responsive documents. (*Id.* at ¶ 7.) This defect went unaddressed for over a year. Finally, following Plaintiff's corporate

representative deposition in August 2022, Scottsdale sought to obtain the missing documents. (*Id.* at ¶ 10.) When those efforts failed, Scottsdale filed the pending motion to compel.

Scottsdale's motion comes too late. Scottsdale waited until the day of the discovery deadline—September 30, 2022—to seek relief from the Court. But this violates the Middle District of Florida Discovery Handbook,[1] which requires the completion of discovery and resolution of issues related to discovery prior to the deadline. *Oil Consulting Enter., Inc. v. Hawker Beechcraft Glob. Customer Support, LLC*, No. 8:16-CV-3453-T-24AEP, 2017 WL 7355128, at *1 (M.D. Fla. Dec. 21, 2017).[2] A motion to compel filed on the day discovery closes, as here, "certainly does not allow sufficient time to resolve the matter prior to the close of discovery." *Action Nissan, Inc. v. Hyundai Motor Am.*, No. 618CV380ORL78EJK, 2020 WL 9173023, at *1 (M.D. Fla. Apr. 7, 2020).

Rather than seeking relief when it learned of Plaintiff's discovery deficiencies, Scottsdale sat on its hands. That decision has consequences. The Court will not compel further production from Plaintiff now that discovery has closed. *See, e.g.*, *Pushko v. Klebener*, No. 3:05-CV-211-J-25HTS, 2007 WL

---

[1] The Discovery Handbook is binding on the parties here. (*See* Doc. 19 at 2.)
[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

2671263, at *2 (M.D. Fla. Sept. 7, 2007) ("Motions to compel must be brought in a timely manner.").

Accordingly, it is **ORDERED**

Scottsdale's Motion to Compel (Doc. 43) is **DENIED**.

**ENTERED** in Fort Myers, Florida on October 4, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record